UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CROCKETT & MYERS, LTD., a Nevada Corporation, and J.R. CROCKETT, JR., ESQ., an individual,<br><br>       Plaintiffs,<br><br>v.<br><br>NAPIER, FITZGERALD & KIRBY, LLP, a New York limited liability law partnership, and BRIAN P. FITZGERALD, ESQ., an individual,<br><br>       Defendants.<br><br>NAPIER, FITZGERALD & KIRBY, LLP, a New York limited liability law partnership, and BRIAN P. FITZGERALD, ESQ., an individual,<br><br>       Counterclaimants,<br><br>v.<br><br>CROCKETT & MYERS, LTD., a Nevada Corporation, and J.R. CROCKETT, JR., ESQ., an individual,<br><br>       Counterdefendants. | 2:05-CV-00877-PMP-PAL<br><br><br><br>**ORDER** |

On May 22, 2007, the Court entered Findings of Fact, Conclusions of Law and Judgment (Doc. #98) and (Doc. #99) awarding Plaintiff Crockett the sum of $33,333.33, as a reasonable *quantum meruit* attorney fee.

///

On June 4, 2007, Plaintiff Crockett filed a Motion for Attorneys Fees and Non-Taxable Costs (Doc. #100). On June 5, 2007, Defendant Fitzgerald filed a Motion to Alter/Amend Findings of Fact, Conclusions of Law and Judgment (Doc. #101) pursuant to Federal Rule of Civil Procedure 52(b) and 59(e). Both motions have been briefed by the parties and are ripe for decision.

The Court finds no merit to Defendant Fitzgerald's Motion to Alter/Amend (Doc. #101 and #102). As argued correctly by Plaintiff Crockett in his response (Doc. #104) the Court fully considered the actual hours devoted by Fitzgerald to the Nostro case in assessing the *quantum meruit* award of $33,333.33. Therefore, Defendant Fitzgerald's Motion to Alter/Amend (Doc. #101 and #102) must be denied.

Plaintiff Crockett's Motion for Attorneys Fees and Non-Taxable Costs seeks an award of $90,859.12 in attorneys fees and $4,934.21 in costs pursuant to Nev. Rev. Stat. § 17.115 and Nev. R. Civ. P. 68. Plaintiff Crockett's Motion is predicated upon an offer of judgment in the amount of $35,000.00 tendered to Defendant Fitzgerald on June 12, 2006, pursuant to Nev. Rev. Stat. § 17.115 and Nev. R. Civ. P. 68.

Where a trial court is exercising its subject matter jurisdiction over a state law claim, as is the case here, the court should follow state law as long as the state law does not contradict a valid federal statute or rule of court. MRO Communications, Inc. v. American Tel. & Tel. Co., 197 F.3d 1276, 1281 (9th Cir. 1999). Nevada Rule of Civil Procedure 68 and Nevada Revised Statute § 17.115 "govern offers of judgment and provide that the district court may award attorney fees to a party who makes an offer of judgment when the offeree rejects the offer and the judgment ultimately obtained by the offeree is less favorable than the offer." Chavez v. Sievers, 43 P.3d 1022, 1027 (Nev. 2002).

Nev. Rev. Stat. 17.115 states in pertinent part:

> Except as otherwise provided in this section, if a party who rejects an offer of judgment fails to obtain a more favorable judgment, the court:
> (a) May not award to the party any costs or attorney's fees;

        (b) May not award to the party any interest on the judgment for the period from the date of service of the offer to the date of entry of the judgment;
        (c) Shall order the party to pay the taxable costs incurred by the party who made the offer; and
        (d) May order the party to pay to the party who made the offer any or all of the following:
        (1) A reasonable sum to cover any costs incurred by the party who made the offer for each expert witness whose services were reasonably necessary to prepare for and conduct the trial of the case.
        (2) Any applicable interest on the judgment for the period from the date of service of the offer to the date of entry of the judgment.
        (3) Reasonable attorney's fees incurred by the party who made the offer for the period from the date of service of the offer to the date of entry of the judgment. If the attorney of the party who made the offer is collecting a contingent fee, the amount of any attorney's fees awarded to the party pursuant to this subparagraph must be deducted from that contingent fee.

Nevada Rule of Civil Procedure 68 states:

    If the offeree rejects an offer and fails to obtain a more favorable judgment,

    (1) the offeree cannot recover any costs or attorney's fees and shall not recover interest for the period after the service of the offer and before the judgment; and

    (2) the offeree shall pay the offeror's post-offer costs, applicable interest on the judgment from the time of the offer to the time of entry of the judgment and reasonable attorney's fees, if any be allowed, actually incurred by the offeror from the time of the offer.

The purpose of Nev. Rev. Stat. § 17.115 and Nev. R. Civ. P. 68 "is to save time and money for the court system, the parties and the taxpayers. They reward a party who makes a reasonable offer and punish the party who refuses to accept such an offer." <u>Dillard Dept. Stores, Inc. v. Beckwith</u>, 989 P.2d 882, 888 (Nev. 1999).

    Under Nevada law, "[w]hether to award attorney fees, pursuant to NRCP 68 and NRS 17.115, lies within the discretion of the district court." <u>Chavez</u>, 43 P.3d at 1027; <u>see also</u> <u>Allianz Ins. Co. v. Gagnon</u>, 860 P.2d 720, 722-23 (Nev. 1993) (stating "[a]n award of attorney's fees lies within the discretion of the district court."). When exercising this discretion, the district court is required to evaluate the following factors: (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's

decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount." Chavez, 43 P.3d at 1027. No single factor is determinative and district courts have broad discretion to award up to the full amount of the fees requested so long as the Court considers all factors. Yamaha Motor Co., U.S.A. v. Arnoult, 955 P.2d 661, 673 (Nev. 1998); Beattie v. Thomas, 668 P.2d 268, 274 (Nev. 1983).

Additionally, in determining the amount of the fees to award, the court may consider the following:

> (1) the qualities of the advocate: his ability, training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, intricacy, importance, the time and skill required, the responsibility imposed and the prominence and character of the parties when they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; and (4) the result: whether the attorney was successful and what benefits were derived.

Schouweiler v. Yancey Co., 712 P.2d 786, 790 (Nev. 1985).

Of course, at the time the Court entered its Findings of Fact, Conclusions of Law and Judgment on May 22, 2007, the Court was unaware of the offer of judgment tendered by Plaintiff Crockett to Defendant Fitzgerald nearly one year prior. In the Findings and Fact, Conclusions of Law, however, the Court stated the following:

> "Finally, the Court finds the parties to this action have engaged in a legitimate attorney's fee dispute, albeit one which they could have avoided had they collaborated on a more detailed retainer agreement. As a result, the Court deems it appropriate that both parties should bear their own costs and attorney's fees incurred in connection with this lawsuit."

Applying the four factors required under Nevada law, the Court finds that none require a different result. First, the competing claims of the parties where brought in good faith. Second, Plaintiff Crockett's offer of judgment was reasonable and in good faith in both its timing and amount. Third, Defendant's decision to reject the offer and proceed to trial cannot be characterized as grossly unreasonable or in bad faith. Finally, the fees

1  sought by Plaintiff Crockett are reasonable.  Nonetheless, the Court finds it would be
2  unreasonable to now assess Defendant Fitzgerald over ninety thousand dollars in attorneys
3  fees incurred by Plaintiff Crockett.  The Court understands full well that the litigation of
4  this case has been expensive for all parties.  Nevertheless, for the reasons set forth in this
5  Court's Findings of Fact and Conclusions of Law, the Court finds that the parties should
6  bear their own attorney fees incurred with connection with this lawsuit.  The Court does,
7  however, find that Plaintiff Crockett is entitled to recover from Defendant Fitzgerald costs
8  in the amount $4,934.21 in accord with Nev. Rev. Stat. § 17.115 and Nev. R. Civ. P. 68.

9       IT IS THEREFORE ORDERED that Defendant Fitzgerald's Motion to
10 Alter/Amend Findings of Fact, Conclusions of Law and Judgment (Doc. #101 and #102) is
11 DENIED.

12      IT IS FURTHER ORDERED that Plaintiff Crockett's Motions for Attorneys
13 Fees and Non-Taxable Costs (Doc. #100) is DENIED to the extent that it seeks recovery for
14 attorneys fees, but is GRANTED to the extent it seeks recovery of $4,934.21.

15      IT IS FURTHER ORDERED that the $4,934.21 in costs awarded to Plaintiff
16 Crockett & Myers shall be deducted from the Judgment of $33,333.33 payable by Plaintiff
17 Crockett to Defendant Fitzgerald.

18      IT IS FURTHER ORDERED that Plaintiff Crockett & Myers' Emergency
19 Motion for Stay of Judgment Pending Appeal (Doc. #113) is GRANTED.

21 DATED:  July 23, 2007.

                                             */s/ Philip M. Pro*
                                       Philip M. Pro
                                       United States District Judge